UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEFANIE F.,[1]

                                            Plaintiff,          Case # 23-CV-00617-FPG

v.                                                                         DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

On October 5, 2020, Stefanie F. ("Plaintiff") protectively applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). Tr.[2] 15. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge Barbara Dunn (the "ALJ") on August 30, 2022. *Id*. At the hearing, Plaintiff appeared and testified, along with her attorney and a vocational expert. *Id*. On August 30, 2022, the ALJ issued an unfavorable decision. Tr. 26. On May 2, 2023, the Appeals Council denied review. Tr. 5. Plaintiff appealed directly to this Court on June 28, 2023. ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 11. For the reasons below, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the judgment of the SSA is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

**LEGAL STANDARD**

**I.     District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "The substantial evidence standard means once an ALJ finds facts, we can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022) (quoting *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis added in *Brault*)).

**II.    Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC")

2

is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520 and 416.920(a).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 5, 2020, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments through the date last insured: "cervical degenerative disc disease; lumbar and cervical arthralgia; anxiety; and depression." Tr. 19. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 19.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "medium work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with additional exertional limitations, Tr. 21, specifically that Plaintiff "can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently […] can stand and or walk for eight hours […] sit for six hours […]frequently climb ladder, ropes, [and] scaffolds […] frequently work around hazards […]perform unskilled, simple, routine work, with no detailed or complex instruction and no fast-paced production requirements; and is limited to occasional public contact and frequent co-worker contact." Tr. 21. At step four, the ALJ determined that Plaintiff was able to perform past relevant work as a price marker. Tr. 25. At step five, the ALJ concluded that jobs existed in the national economy that Plaintiff could

perform, such as "price marker" and "hospital cleaner." Tr. 25-26. As such, the ALJ found that Plaintiff was not disabled from October 5, 2020, through the date of the ALJ's decision, August 30, 2022. *Id*.

## II. Analysis

Plaintiff argues that the ALJ erred when formulating Plaintiff's RFC because she substituted her own lay opinion for that of the relevant medical opinions, primarily with respect to Plaintiff's mental impairments. ECF No. 8-1 at 10. For the reasons below, the Court disagrees.

A claimant's RFC reflects what she "can still do despite [his] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). An RFC is based on a "weighing of the treatment records" and a "careful analysis of the opinion evidence." *Jennifer B. v. Comm'r of Soc. Sec.*, No. 19-CV-799-FPG, 2021 WL 485698, at *3 (W.D.N.Y. Feb. 10, 2021). An "ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). Moreover, courts routinely recognize that when analyzing the record as a whole, the ALJ need not rely on one particular opinion. *See, e.g., Monroe v. Comm'r of Soc. Sec*, 676 F. App'x 5, 9 (2d Cir. 2017) (summary order) (ALJ properly relied on treatment notes and activities of daily living to formulate the RFC); *Tankisi v. Comm'r Soc. Sec*, 521 F. App'x 29, 34 (2d Cir. 2013) (summary order) (stating that where "the record contains sufficient evidence from which an ALJ can assess … residual functional capacity," a medical source statement or formal medical opinion is not necessarily required). The ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta*, 508 F. App'x at 56.

However, as a general matter, if an ALJ assigns little or no weight to all available medical opinions, "the ALJ create[s] an evidentiary gap in the record requiring remand." *Garrett v. Comm'r of Soc. Sec.*, 17-CV-1009-FPG, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019) (holding that despite ALJ properly assigning all medical opinions little weight, remand required because ALJ may have erred in formulation of plaintiff's RFC). Still, if an ALJ declines to assign significant weight to any available medical opinions, this does not necessarily prohibit an ALJ from making an RFC finding. *Schillo v. Kijakazi*, 21 F.4th 64, 78 (2d. Cir. 2022) (holding an RFC determination valid despite the ALJ not assigning controlling weight to any physician's medical opinion). Indeed, "[t]he failure to assign a specific weight to an opinion may be harmless error, particularly where the ALJ engages in a detailed discussion of the evidence[.]" *Nusreta D. o/b/o D.J. v. Comm'r of Soc. Sec.*, 6:19-CV-06270 EAW, 2021 WL 972504, at *4 (W.D.N.Y. Mar. 16, 2021). As discussed, an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta*, 508 F. App'x at 56 (summary order).

Here, the ALJ did not assign significant weight to the relevant medical opinions, which are summarized below. *Schillo*, 21 F.4th at 78. Notably, only one of six relevant medical opinions concluded that Plaintiff had functional limitations, which the ALJ found "persuasive," and the ALJ assigned no weight to the remainder of the opinions. Still, the Court concludes that the ALJ did not err in her formulation of the RFC, despite her assignment of less than persuasive weight to all but one of the opinions, because the ALJ engaged in a "detailed discussion of the evidence" and crafted an RFC that was consistent with the record as a whole. *Matta*, 508 F. App'x at 56.

First, the ALJ discussed the medical opinion of H. Tzetzo, M.D., who opined that insufficient evidence existed to support a mental health condition, which the ALJ found "not

persuasive," because Dr. Tzetzo's assessment was not based upon a direct examination of the claimant or a review of Plaintiff's entire health record. Tr. 24.

Second, the ALJ discussed the opinion of Dr. G. Ehlert, who opined that the medical evidence did not indicate the presence of a severe medical impairment, but discounted that opinion on the basis that Dr. Ehlert's assessment was not based upon a direct examination of Plaintiff or a review of Plaintiff's entire health record. Tr. 24-25.

Third, the ALJ discussed the opinion of T. Inman, Ph.D., who opined that Plaintiff had "mild restrictions to concentration, persistence, or maintaining pace," but discounted the opinion on the basis that it was not based upon a direct examination of Plaintiff or a review of Plaintiff's entire health record. Tr. 25. The ALJ noted that Dr. Inman did not adequately consider the extent of Plaintiff's limitations and that the opinion was thus "not persuasive." Tr. 25.

Fourth, Hon Biao Liu, M.D. opined that Plaintiff had no physical limitations, but the ALJ observed that that restrictive conclusion was not persuasive because it was not "based upon the entire record." Tr. 25. Fifth, Christine Ransom, Ph.D. opined that Plaintiff had "no mental limitations[,]" but the ALJ found this assessment not persuasive because it was not based upon the entire record. *Id*. Sixth, Tammy Davison assessed significant psychiatric limitations and opined that Plaintiff may be off-task more than thirty percent of the workday, and may miss work more than four days per month. Tr. 25. The ALJ noted that this assessment was "not supported by the treatment records[,]" but that the opinion was nevertheless "persuasive" because Plaintiff's mental health conditions were "severe." Tr. 25.

After considering the totality of Plaintiff's health record, the ALJ concluded that Plaintiff had an RFC to perform "medium work," in accordance with both the relevant medical opinions and the medical evidence available. *See* Tr. 22-25. The ALJ recognized that Plaintiff's conditions

"do support some restrictions," but "not to a degree greater than noted[.]" Tr. 22. Specifically, the ALJ recognized that throughout the period under adjudication Plaintiff consistently displayed a "normal mental status[,]" Tr. 22-23, and "normal" physical examinations, Tr. at 22-24, and that there was "little evidence of sustained treatment for physical impairments throughout the period at issue." Tr. 23. To be sure, this is not a case in which an ALJ improperly "relied on [her] own lay opinion" and "crafted an RFC out of whole cloth." *Nieves v. Comm'r of Soc. Sec.*, 20-CV-179 (JLC), 2022 WL 949797, at *15-16 (S.D.N.Y. Mar. 30, 2022). Rather, the record demonstrates that the ALJ engaged in a "detailed discussion" of the relevant medical evidence before permissibly according less than persuasive or persuasive weight to the opinions. *Nusreta D. o/b/o D.J.*, 2021 WL 972504, at *4. Generally, when an ALJ assigns little or no weight to all available medical opinions, "the ALJ create[s] an evidentiary gap in the record requiring remand," but that is not the case here. *Garrett v. Comm'r of Soc. Sec.*, 17-CV-1009-FPG, 2019 WL 2163699, at *5 (W.D.N.Y. May 17, 2019).

Based on the record before the ALJ, the Court finds that the ALJ possessed ample medical evidence from which she could assess Plaintiff's physical limitations and properly determined that Plaintiff could perform a range of "medium work" in accordance with the available medical opinions, despite her assignment of less than persuasive weight to all but one of the opinions. Tr. 21. Contrary to Plaintiff's claim that the ALJ utilized her own lay opinion to craft Plaintiff's RFC, the ALJ appears to have permissibly weighed the evidence available to make an RFC finding that was "consistent with the record as a whole[,]" and appropriately considered Plaintiff's treatment records within this context. *Matta*, 508 F. App'x at 56 (internal quotations and citations omitted).

In discounting the functional capacities assessed by Tammy Davison, in particular, the ALJ did not err in examining Plaintiff's treatment records because, depending on the circumstances,

"an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment[,]" such as when the medical evidence shows relatively minor impairments, like those that are alleged here. *Zayas v. Colvin*, No. 15-CV-6312-FPG, 2016 WL 1761959, at *4 (W.D.N.Y. May 2, 2016); see Tr.22-24 (Plaintiff consistently displaying "normal mental status").  It is well-settled that "where … the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity, a medical source statement or formal medical opinion [as to a claimed impairment] is not necessarily required." *Monroe*, 676 F. App'x at 8.  Where an ALJ's Step Four analysis, as here, "affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous," remand is not necessary. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013); *see Ryder v. Comm'r of Soc. Sec.*, No. 18-CV-539-FPG, 2020 WL 5433459, at *5 (W.D.N.Y. Sept. 10, 2020).

In addition, even if the ALJ erred with respect to this evaluation of medical evidence during her RFC determination, Plaintiff fails to demonstrate prejudice warranting remand.  "As a general matter, where an ALJ imposes a limitation in [her] RFC that is more restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022).  "The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required, and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand." *Theresa G. v. Saul*, No. 20-CV-362, 2021 WL 1535472, at *5 (N.D.N.Y. Apr. 19, 2021) (internal quotation marks omitted); *see also Colleen K. v. Comm'r of Soc. Sec.*, No. 19-CV-1124, 2021 WL 117994, at *4 (W.D.N.Y. Jan. 13, 2021); *Jacob M. v.*

8

*Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022). Here, the ALJ determined that Plaintiff retained the RFC to perform "medium work[,]" an RFC more generous and restrictive than five of the relevant medical opinions, each of which assessed no functional limitations, either mental or physical, with respect to Plaintiff's RFC. Tr. 24-25. The only medical opinion which included functional limitations, Tammy Davison's, was expressly found "persuasive" and appropriately evaluated in connection with Plaintiff's treatment records and "the record as a whole." *Matta*, 508 F. App'x at 56. Accordingly, remand is not warranted on this basis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED, the Commissioner's motion for judgment on the pleadings is GRANTED, and the judgment of the SSA is AFFIRMED. The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 7, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York